UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERSON ARGUELLO BLANDON,<br>Petitioner,<br>v.<br>WARDEN OF THE CALIFORNIA CITY CORRRECTIONAL CENTER,<br>Respondent. | No. 1:26-cv-07777-DAD-AC<br><br>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING PETITIONER'S MOTION FOR A TEMPORARY RESTRAINING ORDER AS MOOT<br><br>(Doc. Nos. 1, 2) |

On September 23, 2026, petitioner filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his detention by United States Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.) That same day petitioner also filed a motion for a temporary restraining order ("TRO") seeking his immediate release. (Doc. No. 2.) The court set a briefing schedule and directed respondent to address whether any provision of law or fact in this case would distinguish it from the circumstances addressed in several cited prior cases that this court has decided. (Doc. No. 5.) In addition, respondent was directed to state any opposition it had to the court's stated intention to rule on the underlying habeas petition based upon the current briefing as well as to provide substantive reasons in support of their position in this regard in its opposition. (*Id.*) Respondent filed its opposition on September 28, 2026, in which it states that petitioner is being detained pursuant to 8 U.S.C. § 1226(a). (Doc. No. 6) (citing *Rodriguez Vazquez v. Bostock*, 183 F.4th 1160, 1165 (9th Cir. 2026)). Respondent's did not state objection

to the court ruling on petitioner's habeas petition based upon the briefing presently before it and also recognizes that this case is not distinguishable from the cases cited by this court in its September 25, 2026 order. (*Id.* at 2.)

The record presented by the parties reflects as follows. Petitioner is a citizen of Nicaragua who entered the United States via its border between Texas and Mexico. (Doc. No. 6-1 at 1.) On or before April 10, 2024, the Department of Homeland Security ("DHS") issued petitioner a notice to appear on October 18, 2024, to show why he should not be removed from the United States. (Doc. No. 6-2.) Respondent gives no indication that petitioner has been ordered removed by an immigration judge ("IJ"). Thereafter, apparently at a vehicle stop on or about August 19, 2026, when immigration authorities were seeking another person, petitioner came to immigration officials' attention once again and he was detained and remains in custody. (Doc. 6-1 at 2.) Respondent asserts that it has no objection to petitioner receiving a bond hearing before an IJ. (Doc. No. 6 at 1.) For the following reasons, this court will order petitioner's immediate release.

There are certain due process protections afforded to petitioner under the Fifth Amendment to the United States Constitution. In light of respondent's concession that § 1226(a) controls petitioner's current detention, and immigration authorities previous knowledge of petitioner's presence established by the issuance of the April 10, 2024 notice to appear, the court incorporates its reasoning set forth in *Cajina v. Wofford*, No. 1:25-cv-01566-DAD-AC (HC), 2025 WL 3251083, at *3–5 (E.D. Cal. Nov. 21, 2025), in which the court concluded that the petitioner's current detention without a pre-deprivation hearing following a release by immigration authorities violated the petitioner's due process rights.

Therefore, for these reasons:

1. Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED as follows:

    a. Respondent is ORDERED to immediately release petitioner Jerson Arguello Blandon, A-File No. 246-154-115, from respondent's custody on the conditions, if any, he was subject to prior to his current detention on or before August 19, 2026;

b. Respondent is ENJOINED and RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without written notice and a hearing before an immigration judge where respondent will have the burden of establishing that petitioner is either a danger or flight risk by clear and convincing evidence;

3. Petitioner's motion for a temporary restraining order (Doc. Nos. 2) is DENIED as having been rendered moot by this order granting habeas relief;

4. The Clerk of the Court is directed to serve a copy of this order on the warden of the California City Correctional Center; and

5. The Clerk of the Court is also directed to ENTER judgment in favor of petitioner and to CLOSE this case.

IT IS SO ORDERED.

Dated: **October 5, 2026**

Dale A. Drozd

DALE A. DROZD
UNITED STATES DISTRICT JUDGE